**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**                              **4:19-cr-00642-01-KGB**

**LONNIE MITCHELL**                                                               **DEFENDANT**

## ORDER

Pending is defendant Lonnie Mitchell's motion for adjustment of sentence (Dkt. No. 41).

Applying retroactive United States Sentencing Guideline Amendment 821 lowers Mr. Mitchell's

criminal history score from six to four, but his criminal history category and guideline range remain

the same.[1]   Additionally, Mr. Mitchell's plea agreement "waive[d] the right to have the sentence

modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ." (Dkt. No. 24).

Because Mr. Mitchell knowingly and voluntarily entered into his plea agreement, including this

waiver, he is not entitled to relief.  *United States v. Cowan,* 781 F. App'x 571 (8th Cir. 2019)

(affirming dismissal of a § 3582(c)(2) motion when the record established that the defendant

knowingly and voluntarily entered into the plea agreement).

For all of these reasons, the Court denies the motion (Dkt. No. 41).

It is so ordered this 3rd day of September, 2024.

_____
Kristine G. Baker
Chief United States District Court Judge

---

[1]  *See* United States Sentencing Guideline § 1B1.10 (a)(2)(B) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").